UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UAW-GM CENTER FOR HUMAN RESOURCES,

    Plaintiff,

v.

Case number 06-10450
Honorable Julian Abele Cook, Jr.

WORKPLACE BENEFITS, LLC, and DD & SF INVESTMENTS, INC., a/k/a WORKPLACE OPTIONS, INC.,

    Defendants.

ORDER

On September 26, 2007, the Court granted in part, and denied in part, a motion for summary judgment that had been filed by the Plaintiff, UAW-GM Center for Human Resources ("UAW-GM"). During the following month (October 10, 2007), the Defendants, Workplace Benefits, LLC, and DD &SF Investments, Inc., a/k/a Workplace Options, Inc., filed a motion in which they asked the Court to reconsider the portion of its order of September 26th which granted a partial summary judgment to UAW-GM.

In order to evaluate the Defendants' request, the Court must look to its Local Rules for guidance. According to E.D. Mich. LR 7.1(g), there are two prerequisites that an aggrieved party must establish prior to having its request for reconsideration favorably evaluated by this Court;

1

namely, (1) the motion must have been filed in a timely manner,[1] and (2) the applicant must satisfy certain minimum standards for review.[2] The Defendants have satisfied the first prong of their procedural obligation, as their motion for reconsideration was filed within ten (10) business days from the issuance of the order in question. With regard to the second prong, they contend that the reliance by the Court upon the holding in *Aaron E. Levine & Co. v. The Calkraft Paper Co.*, 429 F.Supp. 1039, 1050 (E.D. Mich. 1976) constitutes a palpable defect in the challenged order.

I.

This case involves a dispute between UAW-GM and the Defendants over the efficacy of a contract. In its order of September 26th, the Court found that the contract between the parties had been amended by virtue of an extension through a series of e mail exchanges in September 2004. The Court also found that (1) the 120 day termination notice, as required by the original contract, did not apply to the contract as extended, and (2) the contract became terminable at will.[3] In its

---

[1] "A motion for . . . reconsideration must be filed within 10 days after entry of the . . . order." E.D.Mich. LR 7.1(g)(1).

[2] "Generally, and without restricting the court's discretion, the court will not grant motions for . . . reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." E.D.Mich. LR 7.1(g)(3).

[3] The Contract stated:

> This Agreement shall commence as of the Effective date [October 1, 2002] and shall continue until September 30, 2004.
>
> Notwithstanding anything to the contrary contained herein, either party may terminate this Agreement, with or without cause . . . upon at least one hundred twenty (120) days prior written notice to Contractor . . .

(Ex. 10 to Def.'s Br.)

order, the Court stated that "(w)here no minimum duration is stated in a contract, 'the general rule appears to be that it is terminable at will by either party.'" *Aaron E. Levine & Co. v. Calkraft Paper Co.*, 429 F.Supp. 1039, 1050." (Order, September 26, 2007 at 8.)

The Defendants argue that the reliance by this Court upon the rule, to which the *Levine & Co.* court had made reference, was erroneous. Rather, they submit that the Court should look to *Lichnovski v. Ziebart, Int'l.*, 414 Mich. 228 (1982), in which the Michigan Supreme Court stated that an agreement is not terminable at will "where the agreement, although of uncertain duration, contains a provision specifying the manner of termination." *Id.* at 236. The dispute in *Lichnovski* dealt with a contract that had an "indefinite term" as well as a thirty day notice of termination provision. The Michigan Supreme Court found that this indefinite term contract was not terminable at will. In support of their argument, the Defendants argue that this Court should reach a similar conclusion, and determine that (1) the contract at issue was terminable at will, and (2) the one hundred and twenty day notice provision applied to the contract as extended.

II.

Under Michigan law, the primary goal of contract interpretation is to enforce the intention of the parties. *Central Jersey Dodge Truck Center, Inc. v. Sightseer Corp.*, 608 F.2d 1106, 1108 (6th Cir. 1979). Language in a written document is to be given full force and effect according to its obvious meaning, and the provisions within their agreement should be read as a whole when attempting to apply the plain language of the parties' contract. *Old Kent Bank v. Sobczak*, 243 Mich. App. 57 (2000). When the language within the contract is clear, an interpretation by the court and its enforcement is limited to that language. *Michigan Mut. Ins. Co. v. Dowell*, 204 Mich. App. 81 (1994). The parties are presumed to understand and intend that which the language employed

3

clearly states. *Burkhardt v. Bailey*, 260 Mich. App. 636 (2004). Moreover, "every word in the agreement must be taken to have been used for a purpose, and no word should be rejected as mere surplusage if the court can discover any reasonable purpose thereof which can be gathered from the whole instrument." *McIntosh v. Groomes,* 227 Mich. 215, 218 (1924).

If the language within the contract is clear and unambiguous, then its meaning is a question of law for the court to address and resolve. Similarly, the issue of whether certain language within a contract is ambiguous is also a question of law which must be examined by the court. However, if language is found to be ambiguous, the meaning of that language becomes a question of fact which must be placed in the hands of the triers of the facts. *NILAC Intern. Marketing Group v. Ameritech Services, Inc.*, 362 F.3d 354 (6th Cir. 2004). A contract is ambiguous when its terms are reasonably and fairly susceptible to multiple understandings and meanings. *Equitable Life Assurance Society v. Poe*, 143 F.3d 1013, 1016 (6th Cir. 1998). Mere disagreement between the parties as to the meaning of such terms does not constitute an ambiguity. *Id*. Whether an ambiguity exists with respect to a particular provision within a contract is also a question of law for a court to decide. *Id*.

In the present case, UAW-GM asserts that the 120 days written notice provision applied only to early termination, and that the contract, as extended, did not require the parties to give 120 days notice. The Defendants, on the other hand, argue that the 120 day notice provision applied to the extended contract. In their motion for reconsideration, they correctly state that the Court interpreted the now-challenged provision at issue to mean that the 120 day notice provision was required only if the parties decided to terminate their contract prior to September 30, 2004. However, the Defendants believe such an interpretation is unwarranted, and that, at the very least,

4

this provision at issue is ambiguous.

The Court agrees, and, in so doing, will grant the Defendants' motion to reconsider. In the opinion of the Court, the interpretations of the contract by both of the parties are reasonable. Thus and under these circumstances, the Court is now compelled to conclude that the contract provision at issue is ambiguous. If language within a contract is susceptible of having two or more meanings, its interpretation becomes a question of fact for the jury. *Port Huron Ed. Ass'n v. Port Huron Area School Dist.*, 452 Mich. 309, 323 (1996).

Accordingly, the Court must, and does, grant the Defendants' motion to reconsider its grant of partial summary judgment to UAW-GM in its September 26th order. As a consequence, the UAW-GM's motion for summary judgment is denied in its entirety.[4]

IT IS SO ORDERED

Dated:  February 1, 2008                                     s/ Julian Abele Cook, Jr.

    Detroit, Michigan                                      JULIAN ABELE COOK, JR.
                                                           United States District Court Judge

---

[4] In its motion for summary judgment, UAW-GM also requested that if the Court were to find that the 120 day notice provision was required, that it find, as a matter of law, that such notice had been provided. The Court cannot make this determination, however, as it has not determined that such notice was required, only that the notice provision is ambiguous and a question of fact for the jury. In addition, whether or not notice was adequately provided is a question of fact to be resolved at a later time.

<u>Certificate of Service</u>

      I hereby certify that on February 1, 2008, I electronically filed the foregoing with the Clerk of the Court using the ECF system, and I further certify that I mailed a copy to the non-ECF participant(s).

<u>s/ Kay Alford</u><br>
Courtroom Deputy Clerk